**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEVEN ONEIL FINOL RAMOS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-3297-SLP** |
| **v.** | ) | |
| | ) | |
| **WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Steven Oneil Finol Ramos seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 7. Petitioner filed a motion for a temporary restraining order (TRO). Doc. 2. For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion for a TRO.

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. TRO requirements.

Under Federal Rule of Civil Procedure 65(b)(1), a court may only grant a TRO motion without notice if the moving party has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Petitioner has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents *before* filing the motion.

In the motion, Petitioner seeks an order prohibiting Respondents from transferring him while this case is pending, a new bond hearing within seven days, and an order requiring Respondents to show cause why the Court should not grant him habeas corpus relief. Doc. 2, at 4. The undersigned has directed Respondents to respond to Petitioner's habeas petition and ordered Respondents to provide the Court with 72-hours advance notice of any transfer of Petitioner. *See* Doc. 8, at 2. So the Court has already addressed part of the relief Petitioner seeks in his motion.

Therefore, the Court should deny the motion. *See, e.g.*, *Bahadorani v. Bondi, et al.,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining

order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's motion for a TRO. Doc. 2.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 7, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 16th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE